Filed 10/7/22  P. v. Hoslett CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND JAMES HOSLETT,<br><br>  Defendant and Appellant. | 2d Crim. No. B320614<br>(Super. Ct. No. 2015037325)<br>(Ventura County) |

Raymond James Hoslett appeals from the postjudgment order denying his petition for resentencing.[1]  We affirm.

---

[1]Hoslett appealed from a petition for writ of habeas corpus, which is not an appealable order. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7, superseded in other part by statute as stated in I*n re Friend* (2021) 11 Cal.5th 720, 739-740.)  Nonetheless, his petition sought resentencing based on new legislation and the petition can be treated as a petition for resentencing, which is an appealable order pursuant to Penal Code section 1237, subdivision (b). (*People v. Picklesimer* (2010) 48 Cal.4th 330, 340,

1

In 2020, Hoslett pleaded guilty to assault with a deadly weapon and admitted he caused great bodily injury after stabbing his victim in the chest. (Pen. Code,[2] §§ 245, subd. (a)(1); 12022.7.) He also admitted three prior "strikes" (§ 667, subds. (c) & (e)(2)) and two prior serious felony enhancements (§ 667, subd. (a)(1)). The trial court sentenced him to 16 years in state prison (three years for assault, a consecutive three years for the great bodily injury enhancement, and a consecutive 5 years each for the two prior serious felony enhancements). Pursuant to a plea agreement, the court dismissed the strikes.

Two years later, Hoslett moved for resentencing. The trial court denied the petition. Hoslett also petitioned for habeas corpus, arguing that the court illegally imposed the two five-year enhancements for the prior serious felonies, and that his due process rights were violated when the court failed to provide him with a hearing on the sentencing enhancements and pretrial mental health diversion.

The trial court denied the habeas writ petition. The court concluded that "none of the new legislation meaningfully impacts [Hoslett]'s conviction or the imposition of the Penal Code section 667, subd. (a) enhancements." The court noted that Hoslett was sentenced after Senate Bill No. 1393's amendments were effective and "there is no indication that the Court was unaware of the proper scope of its discretion." The trial court found no due process violation. The enhancements were imposed during the sentencing hearing and Hoslett knowingly and voluntarily

_Teal v. Superior Court_ (2014) 60 Cal.4th 595, 599-601.)

[2] Further unspecified statutory references are to the Penal Code.

2

pleaded guilty and admitted the allegations.  Lastly, the court found that Hoslett failed to make a prima facie case of eligibility for mental health diversion and never requested a hearing.

We appointed counsel to represent Hoslett in this appeal. After examining the record, counsel filed an opening brief that raises no arguable issues.  We advised Hoslett that he had 30 days to personally submit any contentions or issues he wished us to consider.  Hoslett filed a supplemental brief in which he concedes he is "not challenging the legality of my conviction" but disputes the legality of the two prior serious felony enhancements.  He argues that the trial court did not exercise its discretion in imposing each of the two five-year serious felony enhancements, was not given a hearing on the enhancements, and that the two prior serious felonies were "part of a group of robberies that . . . ran concurrently to each other, and classified as one crime-spree."  He requests that we vacate one of the serious prior felony enhancements and "leave the remainder of the plea agreement intact."

Because this appeal is from an order denying postconviction relief rather than Hoslett's first appeal of right from a criminal conviction, he is not entitled to review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.)  We nevertheless evaluate the arguments Hoslett presents in his supplemental brief.  (*Cole*, at p. 1040.)

Hoslett is not entitled to relief.  Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) amended sections 667 and 1385 to give the trial court the discretion to strike serious felony priors.  The Governor signed the bill on September 30, 2018,

3

effective January 1, 2019.  (Stats. 2018, ch. 1013, §§ 1-2.)  Here, Hoslett was sentenced after Senate Bill 1393 was already in effect.  Nothing in the record reflects that the trial court was unaware of its discretion under Senate Bill 1393 to strike the two prior serious felonies.  We "presume that a judgment or order of the trial court is correct, "'[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'"  [Citation.]" (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)

Hoslett was also not deprived of a hearing on the enhancements, and there was no error in imposing the two five-year enhancements.  The sentence was imposed pursuant to a plea agreement, in which Hoslett admitted the two serious felony priors (two separate robbery convictions).  Hoslett agreed to the terms of the plea agreement at the sentencing hearing.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.        PERREN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____

    Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

    No appearance for Plaintiff and Respondent.